### Doctor ALLEN M'LANE *vs.* JESSE SHARPE et al.

The law of the road requires travellers to keep to the *right.*
One may pass on either side, being responsible for negligence or imprudence.
The owners of a stage-coach are responsible for the *negligence* of their driver ; but not for mere *accident.*
The driver is not a good witness without a *release under seal.*
It seems that though one partner cannot bind another by deed, his release under seal would remove the interest of the witness and restore his competency, by destroy ing a joint cause of action against him by all the partners.

This was an action on the case against stage proprietors for the negligence of their driver, in driving against plaintiff's carriage whilst attempting to pass him on the road.

The action was against Sharpe, Jefferson, Murdock and Tatman, stage proprietors. Two other owners, Raymond and Spruance, were included in the writ, but were not served with process. The defendants' interest in the line was proved by their declarations and acts of ownership, holding themselves out as owners, receipt of pas sage money, &c.

A strong case of negligence and of injury was made out by the plaintiff's witnesses, and he claimed exemplary damages.

On the part of the defendants, William Cantwell, the driver of the stage, was called as a witness and objected to.

The defendants produced a release, (not under seal,) signed by Sharpe, Jefferson, Murdock and Tatman. Plaintiff still objected ; because—1st. The release was not under seal ; and 2d, because there were other proprietors of the stage, who would ultimately be liable

for the damages, and the witness is liable over to them. Every possibility of interest must be released, or the witness is not competent.

For the defendants it was replied, that the paper removed the interest of the witness ; it discharged him from any liability ; this may be done without seal, or by parol. It is not technically a release, but a discharge. 1 *Camp.* 249 ; 4 *Esp. Rep.* 86.

*Per Curiam.*—There is no difficulty in the question. This is not a release. A release is an instrument under seal. The seal imports a consideration ; but in this paper no consideration is mentioned. The witness is doubtless interested in the event of this suit. The record would be directly evidence against him. He must then be released. A release is technically known to be a paper under seal. *Roscoe Ev.* 82 ; 4 *T. Rep.* 589. Suppose an action against this witness at the suit of the defendants after a recovery against them, how would he plead this matter? It could be only by the plea of release, or of accord and satisfaction. We need not say any thing about the latter ; and as to the former, it would not be sustained by this paper.

Witness rejected.

The defendants now produced a release *under seal*, executed by Sharpe, Murdock and Jefferson, but not by Tatman, the other defendant in the action, nor by Spruance or Raymond, the other proprietors, original parties in the action, but who were not taken, and have not appeared. The witness was still objected to.

*Rogers.*—These defendants, the stage proprietors, are not *partners ;* and it is only on the idea of a partnership, that the act of one can be set up as the act of the others. But suppose them partners, one partner cannot bind the others by deed or instrument under seal. The witness here is liable to all the stockholders for any amount recovered in this suit. They must all join in suing him ; and this deed of *three* of them could not be *pleaded* in bar to the action, as the *release* of all. The principle is important, and it must go to the length of deciding that any one or more partners can by release under seal destroy the right of action of their co-partners.

*Bates* and *Wales*, for defendants, admitted that in general one partner could not seal for another, but there are many cases where one partner may, by his own seal, release or discharge a debt or liability to the partnership. The distinction is, that one partner cannot seal for the others ; but in a joint claim, if any one or more release, they can no longer recover in a *joint* suit, and they cannot recover *separately*. 4 *Esp. Rep.* 86, *Hockless et al.* vs. *Mitchell.*

*Rogers* admitted that the case was against him, but said it was a nisi prius decision, and seemed to be against principle.

*Per Curiam.*—The authority appears to be on the point. The defendants here, and Tatman et al, are joint owners, and some of them have released. In the event of a recovery here the action against Cantwell must be a joint action, and then the principle comes in, that the release of any of them destroys the joint obligation to all. We decide the question on the authority of the case cited, having no opportunity to investigate the subject more fully.

The witness was sworn.

On the law of the case generally, the court charged the jury, that the essential matter to sustain this action, was proof of negligence in the driver of the stage. It is for this that the defendants are liable, and if this be not established, they are not accountable in this action. When carriages are meeting each other, travelling in opposite directions, the law of the road is,—keep to the right. But this court has heretofore decided, that in passing carriages travelling the same way, he who attempts to pass may do so on either side, being answerable for all consequences resulting from negligence or imprudence on his part, either in the manner of passing or on the side selected for that purpose. He who passes undertakes to go by at his own peril, if the other carriage leaves him road enough; and even when a horse in a gig has balked or stopped on the highway, the driver of a carriage behind, wishing to pass, is bound to stop if there be not road enough left for both carriages. For although every man has a right to pass on the public road, yet he must take reasonable care to exercise that right so as not to injure another. This is not inconsistent with his own right. Humanity can never justify a man for driving over another on the public highway, when by stopping for a reasonable time, or by the use of other reasonable means, all bad consequences might be prevented. If indeed, from the evidence, the jury believed that this was an accident inevitable, or occasioned by the backing, plunging or skittishness of the plaintiff's horse, they would find for the defendant; but if from that evidence, they believed that the damage was caused by the carelessness or inattention of the driver of the stage, they would find for the plaintiff, and award to him such damages as were commensurate with the injury he had sustained. And further, if they believed the circumstances of the case warranted it, they were at liberty to find exemplary damages for the plaintiff; as, if they believed the life of the plaintiff was endangered at the time of the injury by the gross negligence of the driver, and that the conduct of the driver at that time betrayed a disregard of the ordinary dictates of humanity which require every man to succour his fellow man in

distress, and especially when that distress has been caused by his own fault. But whether exemplary damages should or should not be awarded, depended entirely on the view the jury might take of his conduct. The defendants, who are owners of the stage, are answerable in damages as fully for the negligence of the driver whom they employed and retained in their employment after the knowledge of this occurrence, as the driver himself.

The plaintiff had a verdict for $60.

*M'Beth, Rogers* and *W. H. Rogers,* for plaintiff.

*Wales* and *Bates,* for defendants.